

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **EDRA EDWARDS** | **CIVIL ACTION NO. 1:07-cv-2079** |
| -vs- | **JUDGE DRELL** |
| **FRED'S DISCOUNT, et al.** | **MAGISTRATE JUDGE KIRK** |

## RULING

Before the Court is a motion for summary judgment filed by Defendants, Fred's Stores of Tennessee, Inc. and Andrea Hudson. (Document No. 16.) Plaintiff has responded to the motion, and the Court finds no need for oral argument. For the reasons set forth herein, Defendants' motion for summary judgment will be granted in part and denied in part, such that Plaintiff's claims against Andrea Hudson will be dismissed with prejudice, but Plaintiff's claims against Fred's Stores of Tennessee, Inc. will proceed to trial.

### Background

Plaintiff, Edra Edwards, originally filed her Petition in the Twelfth Judicial District Court, Avoyelles Parish, Louisiana, contending she is entitled to damages for personal injuries she sustained when she slipped and fell in a foreign substance at the Fred's Store No. 1323 in Bunkie, Louisiana on November 4, 2006. (Document No. 1-2.) She named as defendants Andrea Hudson, a Louisiana resident who was the alleged manager of the store, and "Fred's Discount." Plaintiff subsequently amended her

petition to name Fred's Stores of Tennessee, Inc. ("Fred's") as the proper corporate defendant. (Document No. 1-3.) Defendants entered a general denial, asserted the comparative fault of Plaintiff (Document No. 9-6), and later removed the action to this Court on the basis of diversity jurisdiction. (Document No. 1.)

**Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) [citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, (1986)]. In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992). Finally, "a mere scintilla [of evidence] is not enough to defeat a motion for summary judgment." Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1086 (5th Cir. 1994) [citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)].

## Claims Against Andrea Hudson

In the Notice of Removal, Fred's contends that the citizenship of Andrea Hudson does not impact this Court's jurisdiction, because she was improperly joined and there is no arguable basis for believing Louisiana law could impose personal liability on her. (Document No. 1.) In their Statement of Undisputed Material Facts, Defendants assert that on the date of the accident at issue,[1] Andrea Hudson was not working at the Fred's store in Bunkie. Rather, she had transferred to a Fred's in East Texas, and she did not return to the Bunkie location until December 2006. (Document No. 16-2.) This statement is undisputed by Plaintiff and is further supported by Ms. Hudson's deposition testimony. (Document No. 23-2, p. 8.)

While Louisiana law is clear that an employee of a corporation, such as a store manager, may be named as a defendant in a lawsuit by a business invitee who claims injury on the company's premises, liability may only attach to the employee if he, through his own personal fault, breached a duty owed to the plaintiff.

> [P]ersonal liability cannot be imposed upon the . . . employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.

Walker v. Schwegmann Giant Supermarkets, Inc., 671 So.2d 983, 986-87 (La. App. 4th Cir. 1996).

---

[1] Although the Statement of Undisputed Material Facts lists the accident date as "Saturday, November 14, 2006" (Document No. 16-2), there is no question the incident actually occurred on Saturday, November 4, 2006. See Document Nos. 1-2, 9-6, and 28.

There is absolutely no evidence in the instant case that Ms. Hudson, who was managing another Fred's store in Texas at the time Ms. Edwards slipped and fell at the Bunkie location, personally owed any duty to Plaintiff, let alone breached such a duty. Accordingly, Plaintiff's claims against Ms. Hudson will be dismissed with prejudice.

**Claims against Fred's**

Plaintiff's substantive claims are analyzed under La. R.S. 9:2800.6, which provides, in pertinent part:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

As the Louisiana Supreme Court has explained, the "constructive notice" requirement includes a temporal element:

> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time [.] . . . " Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.

White v. Wal-Mart Stores, 699 So.2d 1081, 1084-85 (La. 1997). "The plaintiff in a slip and fall case may use circumstantial evidence to establish the temporal element." Blackman v. Brookshire Grocery Company, 966 So.2d 1185, 1189 (La. App. 3d Cir. 2007).

Although the record in the instant case contains limited information concerning the actual mechanics of the accident, Plaintiff's response to Interrogatory No. 8 is particularly relevant. When asked to explain "how long the substance was on the floor" before the accident occurred, Ms. Edwards, through her counsel, replied, in part:

> The brown liquid came from a damaged drink can that came from a display that was situated in the aisle. The floor was not clean and one could see how other customers had trafficked through the liquid. Plus it was clear that the liquid had run from the display aisle under the free standing shelf arrangement to the adjacent aisle. Some of the liquid had actually dried.

(Document No. 1-3, p. 3.)

While not setting out a specific time period the liquid was on the floor, this evidence, if credible, would be sufficient to satisfy the constructive notice requirements of La. R.S. 9:2800.6. Drawing all inferences in favor of the nonmovant, the Court finds,

5

under these circumstances, Plaintiff has narrowly avoided summary judgment by demonstrating a genuine issue of material fact as to her claims against Fred's.

**Conclusion**

For the foregoing reasons, Defendants' Motion for Summary Judgment (Document No. 16) will be GRANTED IN PART and DENIED IN PART, such that Plaintiff's claims against Andrea Hudson will be dismissed with prejudice, but Plaintiff's claims against Fred's Stores of Tennessee, Inc. will proceed to trial.

SIGNED on this 10th day of June, 2009 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE